UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JERRY RUSSELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:11CV1011 CDP |
| | ) | |
| BELLEFONTAINE | ) | |
| HABILITATION CENTER, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

Plaintiff Jerry Russell, acting *pro se*, brings this action alleging employment discrimination under Title VII.  This matter is before the court on defendant's motion to dismiss plaintiff's amended complaint.  Defendant argues that it is not Russell's employer and so cannot be sued under Title VII, that Russell failed to exhaust his administrative remedies for certain claims, and that Russell has failed to state a claim upon which relief can be granted for those claims that he did administratively exhaust.  Because Russell failed to exhaust his administrative remedies as to some claims and fails to state a cause of action upon which relief may be granted as to the remaining claims, I will grant the motion to dismiss.

## Background

Plaintiff Jerry Russell, an African-American male, is employed as a security officer by defendant Bellefontaine Habilitation Center (BHC).   On February 13,

2009, Russell filed a charge of employment discrimination with the Equal

Employment Opportunity Commission (EEOC), Charge No. 560-2009-01134

(Charge No. 1134).  In that charge, he alleged:  "On or about June 10, 2008, I filed

a law suit against my Employer, alleging race discrimination and retaliation. . . . I

am continually harassed, disciplined, and retaliated against by my immediate

supervisor, Laura Wayer."  He concluded by stating that he believed he was

retaliated against for participating in protected activity, in violation of Title VII.

On December 17, 2010, he filed another charge of employment

discrimination with the EEOC, Charge No. 560-2011-00548 (Charge No. 548),

alleging that he was discriminated against based on his race, specifically stating:

> On November 23, 2010, maintenance supervisor Charles Edward
> Moody (white) made threats against me in violation of BHC
> workplace violence policies.  I filed an incident report to site [*sic*] the
> event.  Moody did not receive administrative leave nor discharge as
> called for by the policy.  Assistant Superintendant [*sic*] Marcy Hargis
> (white) failed to call police per standard operating procedure.  David
> Tammons (black) and Chris Jones (black) were accused of making
> threats and immediately terminated.

Pursuant to the work-sharing agreement between the EEOC and the

Missouri Commission on Human Rights (MCHR) contained in Mo. Rev. Stat. §

213.075(2), these charges were dually filed with the MCHR on those dates.  As to

Charge No. 1134, Russell received a right to sue letter from the EEOC dated

March 10, 2011.  Regarding Charge No. 548, Russell received a right to sue letter

- 2 -

from the EEOC dated June 3, 2011, and a right to sue letter from the MCHR dated August 15, 2011.

Russell filed his original complaint in this court on June 3, 2011. He also filed two related cases on September 1, 2011 (Civil Case No. 4:11CV1531 CDP) and December 2, 2011 (Civil Case No. 4:11CV2099 CDP). I held a hearing on January 10, 2012 to clarify the various allegations included in Russell's three suits, and subsequently entered an order of consolidation on January 23, 2012. I also ordered plaintiff to file an amended consolidated complaint and required that it set forth all of his claims against defendant. Russell filed his amended complaint on February 21, 2012.

Russell's amended complaint is labeled "Consolidated Amended Title VII Employment Discrimination Complaint." He alleges that his terms and conditions of employment differ from others who are similarly employed, and he claims that the bases for such discrimination are "race, gender, [retaliation], and harass[ment]." His specific allegations are described as follows:

> 1.     The Superintendent Rebecca Post and Assistant Superintendent Marcy Hargis wrote a blatant untruthful statement to justify their unfair suspension of Plaintiff.
>
> 2.     On November 23rd, 2010 the maintenance Chief Edward Moody (white) threaten to murder Plaintiff (Jerry Russell).
>
> 3.     A State vehicle #45 was assigned to Plaintiff with urine, feces and burnt oil on the cloth seats. Superintendent Rebecca Post was showed the vehicle by Plaintiff the Superintendent Mrs. Post stated it

is (ok) that's what you an Officer Hall (black male) or "use to."  Also
presence was Assistant Superintendent Marcy Hargis.

(Doc. #16, at 1) (spelling and grammatical errors in original).  Russell's amended

complaint seeks "legal redress," specifically monetary damages in the amount of

$1,000,000.

## Discussion

Defendant has moved to dismiss this case for failure to state a claim under

Rule 12(b)(6) of the Federal Rules of Civil Procedure.  The purpose of a motion to

dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint.  When

considering a Rule 12(b)(6) motion, the factual allegations of a complaint are

assumed true and are construed in favor of the plaintiff.  *Neitzke v. Williams*, 490

U.S. 319, 326 (1989).  To avoid dismissal for failure to state a claim, the plaintiff

must allege facts sufficient to "raise the right to relief above the speculative level,"

not merely "labels and conclusions, and a formulaic recitation of the elements of a

cause of action."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

## 1.    Exhaustion of Administrative Remedies

Defendant argues that Russell's claim should be dismissed because he failed

to properly exhaust his administrative remedies.  Exhaustion of administrative

remedies entitling a claimant to bring a cause of action under Title VII "requires a

claimant to give notice of all claims of discrimination in the administrative

complaint." *Stuart v. Gen. Motors Corp.*, 217 F.3d 621, 630 (8th Cir. 2000).  A

plaintiff may thereafter "seek relief for any discrimination that grows out of or is

like or reasonably related to the substance of the allegations in the administrative

charge." *Nichols v. Am. Nat'l Ins. Co.*, 154 F.3d 875, 887 (8th Cir. 1998).

Though the allegations in the administrative complaint must be construed

liberally, *Cobb v. Stringer*, 850 F.2d 356, 359 (8th Cir. 1998), "[a]llowing a

complaint to encompass allegations outside the ambit of the predicate EEOC

charge would circumscribe the EEOC's investigatory and conciliatory role, as well

as deprive the charged party of notice of the charge . . . ." *Williams v. Little Rock

Mun. Water Works*, 21 F.3d 218, 223 (8th Cir. 1994) (internal quotation marks and

citation omitted).

 Russell's complaint, liberally construed, contains general allegations of

discrimination based on (1) race, (2) sex, and (3) retaliation.  Neither of his EEOC

charges allege any discrimination based on sex, so any claims related to Russell's

gender have not been administratively exhausted and therefore may not be

considered by this court.  As to the three factual allegations contained in Russell's

complaint, the first claim is that his superintendent and assistant superintendent

wrote an untruthful statement to justify his suspension.  Neither of his EEOC

charges mentions a suspension or any falsehoods by these supervisors, so this first

claim has also not been administratively exhausted.  Further, as to Russell's third

claim in his complaint, he alleges that he was assigned a state vehicle with urine, feces, and burnt oil on the seats and that a supervisor told him that he was "used to" such conditions.  Again, nothing about a vehicle assignment or any similar statements are included in Russell's EEOC charges, and his failure to administratively exhaust those claims precludes their consideration by this court. Therefore, all of these allegations are dismissed for Russell's failure to exhaust his administrative remedies.

Russell's second claim is the only one for which he has arguably exhausted his administrative remedies.  His second claim alleges that the maintenance supervisor threatened to murder him on November 23, 2010.  In Charge No. 548, Russell made the same allegation of threats by the maintenance supervisor, as well as allegations that his supervisors failed to follow BHC's policy for handling such matters.  Because Russell has exhausted his administrative remedies as to the second claim in his complaint, that claim may be considered by this court.

**2.     Failure to State a Claim of Racial Discrimination**

BHC argues that Russell's amended complaint fails to state a claim upon which relief can be granted as to the murder threat claim.  To avoid dismissal for failure to state a claim under Rule 12(b)(6), the complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  Although "specific facts are not necessary," the plaintiff

must allege facts sufficient to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

To establish a prima facie case, "a Title VII plaintiff must show: (1) that he is a member of a protected class, (2) that he was meeting the employer's legitimate job expectations, (3) that he suffered an adverse employment action, and (4) that similarly situated employees outside the protected class were treated differently." *Tolen v. Ashcroft*, 377 F.3d 879, 882 (8th Cir. 2004).

Even assuming the factual allegations of the complaint are true, Russell has failed to allege sufficient facts to support a claim of discrimination under Title VII. Russell alleges in his complaint only that "[o]n November 23, 2010, the maintenance Chief Edward Moody (white) threaten (sic) to murder Plaintiff (Jerry Russell."  In this allegation, Russell does not mention anything about BHC or actions it took regarding this incident.  He merely claims that another employee of BHC threatened him.

The Eighth Circuit has held that "supervisors and other employees cannot be held liable under Title VII in their individual capacities."  *Lenhardt v. Basic Inst. of Tech., Inc.*, 55 F.3d 377, 381 (8th Cir. 1995).  Russell does not allege that the conduct was so offensive or abusive as to constitute a hostile work environment, or that BHC knew or should have known of Moody's actions and

failed to take appropriate remedial action.[1]  *See Spencer v. Ripley Cnty. State Bank*, 123 F.3d 690, 691 (8th Cir. 1997).  Therefore, Russell's claim of an action taken by a coworker is not sufficient to state a claim for relief under Title VII.

Further, Russell does not allege that he suffered any adverse employment action.  *LaCroix v. Sears, Roebuck, and Co.*, 240 F.3d 688, 691 (8th Cir. 2001) ("Not everything that makes an employee unhappy is an actionable adverse employment action. . . . Rather, an adverse employment action is exhibited by a material employment disadvantage, such as a change in salary, benefits, or responsibilities.").  He does not claim that this incident had any effect whatsoever on his conditions of employment with BHC.  Therefore, Russell has failed to state a claim upon which relief may be granted, and I will dismiss the complaint.

**3.     Defendant's Immunity from Suit**

Defendant claims that it is immune from this suit because it is not a suable entity, as it is a physical facility operated by the state rather than Russell's actual employer.  Defendant may be correct that it is not the proper entity to be named as

---

[1]In Russell's EEOC Charge No. 548, he did make a related allegation, stating: "Moody did not receive administrative leave nor discharge as called for by the [BHC workplace violence] policy.  Assistant Superintendent Marcy Hargis (white) failed to call police per standard operating procedure."  However, because this claim was not included in his amended complaint, it may not be considered by this court.  *See Culpepper v. Vilsack*, 664 F.3d 252, 259 (8th Cir. 2011) ("[W]here . . . the claims at issue do not appear in the plaintiff's pleadings, they are not properly before the court regardless of whether they were reasonably related to prior allegations found in an administrative charge.").  Even were I to consider this allegation, one completely race-neutral comment by a supervisor is not enough to allege discrimination, and the alleged failure to sanction another employee is not an adverse employment action to Russell.

the defendant in this suit.  *See Ketchum v. City of West Memphis, Ark.*, 974 F.2d

81, 81 (8th Cir. 1992) (holding that departments or subdivisions of local

government are "not judicial entities suable as such").  However, even if defendant

were right, I would grant leave for Russell to substitute the proper party as the

defendant in this case in the interest of justice.  Thus, although dismissal would

not be appropriate on this basis alone, Russell's complaint will be dismissed for

failure to exhaust administrative remedies and failure to state a claim upon which

relief may be granted, as explained above.

      Accordingly,

      **IT IS HEREBY ORDERED** that defendant's motion to dismiss plaintiff's

amended complaint [#18] is GRANTED.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 27th day of June, 2012.

- 9 -